**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

RAVI RAVI

VERSUS

TODD BLANCHE, ET AL.

CIVIL ACTION NO. 26-1386

JUDGE ALEXANDER C. VAN HOOK

MAGISTRATE JUDGE HORNSBY

## ORDER

The petitioner, Ravi Ravi ("Ravi"), filed a petition for a writ of habeas corpus, Record Document 1, and later filed a motion for a temporary restraining order ("*Ravi* TRO Motion"), Record Document 3. Ravi is represented by counsel, Luke H. Abrusley ("Abrusley") (La. Bar No. 32085), who filed the TRO Motion on Ravi's behalf.

Within minutes of filing the *Ravi* TRO Motion, Abrusley filed a separate motion for a temporary restraining order ("*Rahul* TRO Motion") in a different case: *Rahul Rahul v. Mullin, et al.*, No. 26-1519 (W.D. La. May 19, 2026). The *Rahul* TRO Motion appeared identical to the *Ravi* TRO Motion, even stating as fact that both petitioners had "been detained while walking to lunch." Even worse, though, the habeas petitions that Abrusley filed on behalf of Ravi and Rahul pleaded an entirely different fact about their detention. In both petitions, Abrusley pleaded that Ravi and Rahul had been detained during a traffic stop.

Federal Rule of Civil Procedure 11(b) establishes that an attorney who signs and files a pleading "certifies to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that "the factual contentions have evidentiary support…" Fed. R. Civ. P. 11(b)(3). When considering

whether a violation occurred, the Court may issue an order for the attorney to show cause why his conduct has not violated Rule 11(b). *Id.* at 11(c).

Here, Abrusley has filed pleadings containing factual allegations that lack evidentiary support. Specifically, he pleaded nearly identical facts in different cases in his motions for temporary restraining orders, and yet, those facts directly contradict the earlier filed habeas petitions. In his motions and petitions, Abrusley certified to the best of his knowledge after a reasonable inquiry that the petitioners in *Ravi* and *Rahul* had been detained "while walking to lunch." But in his habeas petitions, he alleged that the petitioners in both cases had been detained during a "routine traffic stop." These conflicting accounts cannot be true: the petitioners were either stopped on foot or in traffic, not both.

Considering the foregoing,

**IT IS ORDERED** that counsel for petitioner, Luke H. Abrusley (La. Bar No. 32085), make no further factual contentions without evidentiary support in this case. Failure to do so will result in **CONTEMPT** proceedings and consideration of **SANCTIONS**.

**IT IS FURTHER ORDERED** that the habeas petition is **REFERRED** to the Magistrate Judge for recommendation. Record Document 1. The motion for a temporary restraining order is **DENIED** as frivolous. Record Document 3.

**DONE AND SIGNED** at Shreveport, Louisiana, this 20th day of May, 2026.

_____
ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE

2